## Commonwealth v. Lucas.

*Practice, J. P.—Breach of the peace—Surety of the peace—Settlement between parties—Act of March 18, 1909.*

1. Courts like those of justices of the peace are of limited jurisdiction, and, hence, they must not only act within the scope of their authority, but it must appear on the face of their proceedings that they did so, otherwise all that they do is *coram non judice* and void.

2. The record of a justice of the peace in a proceeding for surety of the peace must affirmatively show that the justice suggested to the parties before hearing the propriety of compromising their differences and afforded them an opportunity to do so, as provided by the Act of March 18, 1909, P. L. 42.

3. Such requirement is jurisdictional, and is not complied with by a certificate of the justice loosely attached to the transcript, stating that a suggestion of settlement had been made before hearing and that it had been unsuccessful.

Motion to quash proceedings. Q. S. Schuylkill Co., March Sess., 1924, No. 173.

*Cyrus W. Palmer*, District Attorney, for Commonwealth.

*W. C. Devitt*, for defendant.

BERGER, J., April 7, 1924.—The defendant was tried March 3, 1924, on a charge of surety of the peace, and directed to pay the costs and to enter into his own recognizance in the sum of $200 to keep the peace, etc. The case was heard subject to a motion to quash, as follows: "Personally came defendant above named by his attorney, W. C. Devitt, Esq., (and) moves to quash the above proceedings and strike same from the record and quash the return for want of jurisdiction for the following reasons: 1. That the justice did not afford an opportunity and suggest to the parties before hearing the pro-

priety of compromising their differences before entering into a hearing in the case, as is required by the Act of 1909, P. L. 42. 2. That the recognizance in this case is taken to the next term for defendant's appearance instead of forthwith, as is required by Act of 1909, P. L. 260." The information against the defendant reads thus: "Before Me, the subscriber, one of the Justices of the Peace in and for the county aforesaid, personally came Earl R. Hand, Teacher of the Weishample School of the Township of Barry, County of Schuylkill, who, being duly sworn according to law, saith: That within the said county on the fourth day of December, A. D. 1923, a certain Arthur Lucas of the Township of Barry, in said County, was lying in wait for him, and taking of his coat made an assault upon him and threatened to do him harm in body, and that this deponent verily believes that the said Arthur Lucas will carry out his threats, and that he is afraid that the said Arthur Lucas will do him injury both in body and estate." The return of the justice shows that on this information a warrant issued Dec. 15, 1923, charging the defendant with surety of the peace, and that, after having been brought up and after hearing, he was held under $300 bail for his appearance at the next term of court. To the transcript of the justice of the peace we find pinned a paper reading as follows: "C. I. Laudenslager. Justice of the Peace. Valley View, Pa. —— 192 ——. The justice in the case tried to effect a settlement between the parties in said case before hearing, but was unsuccessful, and that the evidence in the case shows that the prosecutor is in bodily danger from the defendant and believes the threats were maliciously made. (Signed) C. I. Laudenslager, J. P."

Sections 1 and 2 of the Act of March 18, 1909, P. L. 42, provide that no one shall be bound over to appear before the court on a charge of surety until a full hearing and investigation of the facts by the justice of the peace shows, to his satisfaction, the existence of actual danger to the prosecutor's body or estate, and that the threats were made by the defendant maliciously and with intent to do harm; and the 3rd section of the act requires a justice of the peace to suggest to the parties, before hearing, the propriety of compromising their differences and to afford them an opportunity to do so. It has been held that these requirements are jurisdictional and that compliance therewith must appear affirmatively in the transcript of the justice: Com. v. Cutsavage, 28 Dist. R. 736; Com. v. Keener, 30 Dist. R. 641; Com. v. Donatello, 1 D. & C. 302; Com. v. Kraus, 1 D. & C. 531; Com. v. Lowry, 3 D. & C. 118; Com. v. Kern, 3 D. & C. 384. The transcript of the justice of the peace fails to set forth any of the essentials to his jurisdiction, and his certificate, loosely attached to the transcript, does not show a compliance with the requirements of the Act of 1909. The most serious objection to this certificate, however, is that it is not a part of the transcript itself, and, therefore, cannot be considered. Courts like those of justices of the peace are of limited jurisdiction, and, hence, they must not only act within the scope of their authority, but it must appear on the face of their proceedings that they did so; otherwise, all that they do is *coram non judice*, and void: McCale v. Kulp, 8 Phila. 636; Wolf v. Sailer, 26 Pa. C. C. Reps. 23; Rutherford v. Northampton National B. & L. Ass'n, 29 Pa. C. C. Reps. 134. This principle is applicable to all proceedings which may be had before a justice of the peace. The first reason stated in the motion to quash must, therefore, be sustained, which makes it unnecessary to consider the second.

And now, April 7, 1924, the order of the court entered March 3, 1924, is hereby vacated and set aside, and the return is quashed.

From M. M. Burke, Shenandoah, Pa.